IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIJAH M. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 20-1736 |
| WARDEN DAVID J. EBBERT and ASSISTANT WARDEN COLBERT, | ) ) ) ) |
| Defendants. | ) |

# ORDER

Plaintiff seeks to file a civil rights complaint and submitted a motion to proceed in forma pauperis ("IFP") on November 12, 2020. (ECF No. 1.) Because Plaintiff had failed to include a certified institutional account statement for the six-month period immediately preceding the submission of the complaint, 28 U.S.C. § 1915(a)(2), the Court denied Plaintiff's IFP motion and this case was administratively closed. (ECF No. 2.)

On April 27, 2021, Plaintiff filed the currently pending IFP motion along with the statutorily required institutional account statement. (ECF No. 3.) Among other documents, Plaintiff has also submitted a letter with his motion in which he asks the Court to "forward this lawsuit to the proper venue." (ECF No. 3-6.) A review of the Complaint reflects that Plaintiff is asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), arising from his former incarceration at the United States Penitentiary at Lewisburg, Pennsylvania, which is located in the Middle District of Pennsylvania.[1] (ECF No. 3-2.) "Venue in a *Bivens* case is governed by 28 U.S.C. § 1391(b)[,]" *Gonzalez v. Holder*, 763 F. Supp. 2d 145, 152 (D.D.C. 2011), which in relevant part requires such claims to be brought in a

---

[1] Plaintiff has since been transferred to a United States Penitentiary located in Kentucky.

judicial district "where any defendant resides, if all defendants reside in the same State" or where "a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b).

As there is no basis for venue in this district, and in light of Plaintiff's request that this case be transferred to the proper venue, the Court will transfer this case to the United States District Court for the Middle District of Pennsylvania, where the events giving rise to his claims occurred and where the Defendants are located. *See* 28 U.S.C. § 1404(a) ("For convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). Plaintiff's IFP motion will be left to the discretion of the transferee court.

Accordingly, it is hereby **ORDERED** that the Clerk of Court shall **TRANSFER** forthwith the above-captioned case to the United States District Court for the Middle District of Pennsylvania.[2]

**SO ORDERED** this 18th day of May, 2021.

*/s/ Patricia L. Dodge*
PATRICIA L. DODGE
United States Magistrate Judge

---

[2] The transfer of a case to another federal court is a non-dispositive pre-trial matter as to which a magistrate judge has authority to rule. *See Bond v. McKean Cty.*, No. 4:19-CV-1535, 2019 WL 4452228, at *1 n.1 (M.D. Pa. Sept. 17, 2019) ("An order transferring a case, under either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404 is not a dispositive final order."); *Berg v. Aetna Freight Lines*, No. CIV. A. 07-1393, 2008 WL 2779294, at *1 n.1 (W.D. Pa. July 15, 2008) (Transfer under "28 U.S.C. 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A).").