#4    1SBJ    M/IFP

IN THE UNITED STATES DISTRICT COURT
FOR THE **WESTERN** DISTRICT OF **PENNSYLVANIA**
_____ DIVISION

*(Write the District and Division, if any, of the court in which the complaint is filed.)*

ELIJAH M. SMITH

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

DAVID J. EBBERT, WARDEN,
COLBERT, Assistant WARDEN

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Complaint for Violation of Civil Rights
(Prisoner Complaint)

Case No. **20-CV-1736**
*(to be filled in by the Clerk's Office)*

Jury Trial:  ☑ Yes  ☐ No
*(check one)*

**RECEIVED**
NOV 13 2020
CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

I. The Parties to This Complaint

   A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Elijah M. Smith

All other names by which you have been known: ____

ID Number: 58533-066
Current Institution: U.S.P McCreary
Address: P.O. Box 3000
Pine Knot, KY 42635

   B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: David J. Ebbert
Job or Title (if known): Warden
Shield Number: ____
Employer: ____
Address: ____

☑ Individual capacity     ☐ Official capacity

Defendant No. 2
Name: Colbert

2

Job or Title (if known): Assistant Warden
Shield Number: ___
Employer: ___
Address: ___

☑ Individual capacity   ☐ Official capacity

Defendant No. 3

Name: ___
Job or Title (if known): ___
Shield Number: ___
Employer: ___
Address: ___

☐ Individual capacity   ☐ Official capacity

Defendant No. 4

Name: ___
Job or Title (if known): ___
Shield Number: ___
Employer: ___
Address: ___

☐ Individual capacity   ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☑ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____

_____

_____

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

The fourteenth Amendment.

_____

_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Both defendants, who are respectively the WARDEN, AND Assistant WARDEN was a "moving force" behind the deprivations, where their policy or custom played a part

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

4

Continuation/Attached additional page explaining suing under Bivens

— in the violation of federal law. Both defendants are federal officials liable for the personal acts violating rights protected by the Constitution and a federal statute

☐ Convicted and sentenced state prisoner
☑ Convicted and sentenced federal prisoner
☐ Other *(explain)* _____

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____
_____
_____

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

The incident took place at U.S.P Lewisburg inside the housing units, upon information and belief, on J Unit.

C. What date and approximate time did the events giving rise to your claim(s) occur?

Upon information and belief, between November, and December 2018, and time was in the AM.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On the above incident date I was denied the Right to Litigate to Courts, Agencies, etc. first by Assistant Warden Colbert who Refused to grant me

5

access to personal property to receive legal property to retrieve evidence, addresses to courts, rebuttal information, etc. Likewise, the Warden's sole purpose of not retrieving legal property was collusion. Complaint attached.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I'm seeking the relief of punitive damages in the amount of fifty thousand dollars from each defendant along with the revision of tort claim # TRT-MXR-2014-06796, since evidence to support issue were in my property, which I never obtained in time to submit.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

6

## COMPLAINT

1. On the date of, upon information and belief, 10-9-18, the plaintiff Elijah M. Smith, arrived at U.S.P Lewisburg Prison to be housed there for a standard of nine months, which in fact, total was eleven months.

2. During that span the plaintiff made several attempts to obtain legal documents and other supporting evidence from the plaintiff's personal property to support, rebuttal, and submit to the proper "chain" of authority in a timely manner, as instructed to do so by U.S. Courts and specific agencies. Along those lines of attempts, multiple infractions were committed by staff at Lewisburg Prison without any justification and conducting themselves with sometimes a unilaterally response(s).

3. Upon information and belief, between November and December 2018, the plaintiff submitted three "request to staff" requesting to retrieve legal documents from his personal property so that plaintiff can commence to present evidence to the Federal Medical Center, and also prepare to compose a rebuttal for a petition submitted to the United States District for the Eastern District of California, which receipt of notice through U.S. postal was delivered to the plaintiff shortly after his arrival. Those U.S. Court instructions and specific agencies instructions are attached as Exhibit C., and "request to staff" responses are attached as Exhibit A.

4. After the plaintiff's efforts to obtain legal documents through "request to staff" was denied, the plaintiff sought to exhaust administrative remedies. All are attached as Exhibit B.

1. Upon information and belief, through additional talks with the defendant Colbert, who's the Assistant Warden of U.S.P Lewisburg (U.S.P is abbreviated for United States Penitentiary), he told the plaintiff "inmates don't get property until the sixth month of programing" and that "your (plaintiff), property is here at Lewisburg."

2. In Exhibit A response #3, sees a slight changed dialogue after the plaintiff verified the petition case number that was actively open in the 9th circuit, then the defendant Colbert hences at the notion that he issues out property upon order of arrival, but the prior staff response on this topic from defendant Colbert indicate specific instructions to receive property, but when the plaintiff met those requirements, the defendant Colbert, still denied the plaintiff rights to litigate violating the plaintiff's fourteenth amendment by abridging the privileges of United States citizens by prohibiting and denying the plaintiff

3. Equal protection of the laws. Whereas, the plaintiff have the right to correspond to courts, litigate, submit grievances etc., and depriving the plaintiff of life, liberty, or property is a clear violation of the Constitution's fourteenth amendment. Where the plaintiff is requesting his legal property to litigate but was denied the right to do so stemming from the negligence of defendant Colbert, by not providing the information of deadlines and/or active appeal case number to the proper source to retrieve the plaintiff's personal property so that the plaintiff can obtain legal documents to litigate.

Complaint PG #3

1. In the violations stemming from the defendant David J. Ebbert, Warden of U.S.P Lewisburg Prison, mimicing the informal resolution response by stating "property not being there." As an authoritative figure overseeing the prison, to avoid faulty regulations, the defendant David J. Ebbert, having the title of Warden must take precautionary steps to ensure the Constitutional rights of staff/others, including the plaintiff.

2. For the Warden is responsible for the entire prison or speak on its accord and have the ability to override, fix, or order a judgement call to prevent any wrong-doings, or in this matter the violations of the plaintiffs constitutional right.

3. The defendant could have easily located and tracked the plaintiffs' personal property especially after affirmed dates when evidence need to be submitted, and pending petitions are in appealant stages with room for rebuttal. Without taking

4. any precautionary steps to "directly" locate, obtain and distribute to the plaintiff, requested legal documents, the defendant David J. Ebbert, only efforts was to solemnly depend on the informal resolution's response, even after the plaintiff verified proof for needed legal documents along with the plaintiffs grievance, before the defendant David J. Ebberts decision.

5. The defendant David J. Ebbert, failure to override faulty regulations, allowed violations to occur as stated in the defendant's own words in the defendant David J. Ebbert's Aministrative Remedy Response "A review of this matter reveals "U.S.P Lewisburg has not received any property from your previous institution." The defendant states "Lewisburg" has not received property as if he's speaking on behalve of the decisions of faulty regulations

Complaint PG#4

and did not directly ensure that the plaintiff's rights were protected, as in the defendant David J. Ebbert, words in his Administrative Remedy Response "A Review of this matter" instead of direct involvement the defendant David J. Ebbert,

6. gave/passed a decision on review with no direct involvement.

7. The defendant David J. Ebbert, who is the "Warden" of U.S.P Lewisburg failed to fix, or override the judgement of U.S.P Lewisburg and upheld the denial of legal property to the plaintiff furthering the violation of the plaintiffs' fourteenth amendment where the defendant David J. Ebbert, deprived the plaintiff of his life, liberty, and property without due process of law by not "directly" locating, retrieving the plaintiffs property after the severity of proof needed for the plaintiffs legal property, the defendant David J. Ebbert, still denied the plaintiff Elijah M. Smith, within its jurisdiction the equal protection of the laws where deadlines was shown to the defendant David J. Ebbert, and appeal active case number, and legality of petition case number was revealed in early stages of administrative remedy to all defendants.

Complaint: PG# 5

## CONCLUSION

1. The plaintiff who is a prisoner, arrived at U.S.P Lewisburg upon information and belief, on 10-9-18, for inmate discipline programming. According to the Federal Bureau of Prisons Inmate Discipline Program guidelines and policy, page thirtysix Appendix C: Inmate Rights And Responsibilities state under "Rights" in paragraph six, "You (inmates), have the Right to unrestricted and confidential access to the Courts by correspondence."

2. The plaintiff Rights, even within the standards of Bureau of Prisons policies were violated. These violations extend to an extreme degree, not only did both defendants, David J. Ebbert, and Assistant Warden Colbert, violated the plaintiff's fourteenth Amendment by denying the plaintiff right to equal protection of the Laws where citizens of the United States have the right to litigate to any courts of this country, both defendants disregarded the rights of policy of a Bureau that they're enforcing, by not locating, retrieving, and allowing the plaintiff access to his legal property to provide the plaintiff the privilege to Litigate.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).
United States Penitentiary Lewisburg.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?
I checked yes only because the procedures allowed for me to exhaust remedies to Regional office, and Exhibit shows my efforts. Exhibit B.

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

7

       If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

       ☐ Yes

       ☑ No

E.    If you did file a grievance:

    1.   Where did you file the grievance?

       U.S.P Lewisburg.

    2.   What did you claim in your grievance?

       On the date of 12-12-18, I made attempts at retrieving my legal property from my personal property so I can litigate, submit evidence, and prepare motions for rebuttal to courts and agencies.

    3.   What was the result, if any?

       Amid the remedy response from the Warden, I was told to file a small claims for property in his words "since you are claiming missing property from your time at U.S.P Atwater.

    4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

       On the date of 3-21-19, after the exhaustion of administrative procedures BP-8, BP-9, I filed to the Regional Office, and that office rejected all my attempts with uncertain claims.

8

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   _____
   _____
   _____
   _____

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _____
   _____
   _____
   _____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   Attached are Request to staff, staff Responses from Assistant Warden, Colbert, about Retrieving Legal propery Along with all Administrative Remedies as Exhibits.

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

9

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

_____

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1. Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

    2. Court *(if federal court, name the district; if state court, name the county and State)*

    _____

    3. Docket or index number

    _____

    4. Name of Judge assigned to your case

    _____

    5. Approximate date of filing lawsuit

    _____

    6. Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____
    _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

   ☐ Yes
   ☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1. Parties to the previous lawsuit

      Plaintiff(s) _____
      Defendant(s) _____

   2. Court *(if federal court, name the district; if state court, name the county and State)*

      _____
      _____

   3. Docket or index number

      _____

   4. Name of Judge assigned to your case

      _____

   5. Approximate date of filing lawsuit

      _____

   6. Is the case still pending?

      ☐ Yes
      ☐ No

11

      If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: *November Sixth*, 2020.

Signature of Plaintiff    *Elijah M. Smith*
Printed Name of Plaintiff    ELijAh M. Smith
Prison Identification #   58533-066
Prison Address   United States Penitentiary McCreary P.O. Box 3000
         Pine Knot        KY.        42635
         City              State        Zip Code

### B. For Attorneys

Date of signing: _____, 20__.

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____

```
Address         _____
Telephone Number _____
E-mail Address  _____
```